UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM MERCER, #15996-016 | DOCKET NO. 11-CV-1497; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| USA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a *pro se* civil rights complaint filed by Plaintiff William Mercer pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is an inmate in the custody of the United States Bureau of Prisons, and he is incarcerated at the United States Penitentiary (USP) in Pollock, Louisiana. He complains that he was denied adequate medical care by Mr. Ceasor.

### *Factual Allegations*

Plaintiff alleges that he was approved for special shoes or boots. He had an appointment on January 10 or 13, 2011, with Defendant Mr. Cesor to order his special shoes, which he alleges cost between $59.00 and $100.00. However, Mr. Ceasor did not offer the special shoes. Instead, he was going to provide Plaintiff with inserts for his shoes for the price of $400.

Plaintiff was ordered to amend his complaint because he had

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

not identified a serious medical need, and the only injury he identified was an injury caused by an ill-fitting prosthetic leg [Doc. #5, p.4], not by the lack of certain shoes or boots. Plaintiff was ordered to state what injury, if any, he suffered specifically from the lack of a special shoe.

Plaintiff's amended complaint provided no new information regarding the facts of his claim nor does it identify an injury other than the one caused from the prosthetic leg. In another lawsuit that Plaintiff has filed under the Federal Tort Claims Act, 11-cv-1498, Plaintiff complained of the same leg cuts/injury caused by his ill-fitting prosthetic leg. [Mercer v. U.S., 1:11-cv-1496]

### Law and Analysis

In order to state a claim for denial of medical care, a plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm**," and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), quoting Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. See Gobert v. Caldwell, 463 F.3d

339, 346 (5th Cir. 2006).

Plaintiff has not presented allegations of deliberate indifference. Clearly he disagrees with the treatment offered by Mr. Ceasor, but a disagreement with care does not state a claim under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997), *citing* Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

Likewise, Plaintiff has not identified a substantial risk of serious harm. Nor has Plaintiff identified an injury caused from the lack of the specific shoe he seeks. Instead, he has alleged the same injury presented in his previous case regarding his prosthetic leg.

*Conclusion*

The Court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true,

**IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk

of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of February, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE